FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

01 MAR 16 AM 10: 17

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ABDULLAH ABDUS-SABIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CV 96-N-2574-S |
| ) | |
| JOE HOPPER, Commissioner; ) | |
| ROY HIGHTOWER, Warden; ) | |
| CECIL ATCHISON; LT. CHARLES ) | |
| KEENE; and BETTY STEVENSON, ) | |
| ) | |
| Defendants. ) | |

ENTERED

MAR 16 2001

## MEMORANDUM OPINION

This is an action pursuant to 42 U.S.C. § 1983 filed by Abdullah Abdus-Sabir, a convicted prisoner in the custody of the Alabama Department of Corrections. Plaintiff names as defendants former Alabama Department of Corrections Commissioner Joe Hopper, Warden Roy Hightower, Cecil Atchison, Lieutenant Charles Keene, and Betty Stevenson.[1] He alleges that the defendants deprived him of legal papers and materials during a temporary transfer from the William E. Donaldson Correctional Facility in Bessemer, Alabama, to the Kilby Correctional Facility in Montgomery, Alabama, thereby interfering with his right of access to the courts. The sole issue

---

[1] Plaintiff also named as a defendant Kilby Correctional Facility Warden Lynn Harrellson. The claims against Harrellson have been severed from this action and transfered to the United States District Court for the Middle District of Alabama. *See* Document #8.



remaining in this action is whether plaintiff is entitled to injunctive relief on his claim.[2] The matter is before the Court on the defendants' motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, the Court must determine whether the moving party is entitled to judgment as a matter of law. Summary judgment is appropriate only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In making that assessment, the court must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences against the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The burden of proof is upon the moving party to establish his prima facie entitlement to summary judgment by showing the absence of genuine issues and that he is due to prevail as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Once that initial burden has been carried, however, the non-moving party may not merely rest upon his pleading, but must come forward with evidence supporting each essential element of his claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Barfield v. Brierton*, 883 F.2d 923 (11th Cir. 1989). Unless the plaintiff, who carries the ultimate burden of proving his action, is able to show some evidence with respect to each element of his claim, all other issues of fact become immaterial and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Bennett*

---

[2] All claims for money damages against the defendants have previously been dismissed on the basis of qualified immunity. *See* Document #8.

*v. Parker*, 898 F.2d 1530 (11th Cir. 1990), *cert. denied*, 498 U.S. 1103 (1991). As the Court of Appeals for the Eleventh Circuit has explained:

> Facts in dispute cease to be "material" facts when the plaintiff fails to establish a prima facie case. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Thus, under such circumstances, the public official is entitled to judgment as a matter of law, because the plaintiff has failed to carry the burden of proof. This rule facilitates the dismissal of factually unsupported claims prior to trial.

*Bennett v. Parker*, 898 F.2d at 1532 (citation omitted).

## FACTUAL BACKGROUND

In March 1996, then Alabama Department of Corrections ("ADOC") Deputy Commissioner Earl Self issued a memorandum stating:

> Inmates will be allowed to have in their possession and carry with them to other institutions only that property will fit into two (2) pillow cases, 4 grocery bags or one (1) net laundry bag sold in the inmate canteens. It has been determined that the four (4) grocery sacks are equivalent to the two pillow cases or one net laundry bag. If the inmate has money on the books, he has the choice of either mailing the excess property home at his expense within 30 days or it will be destroyed by the institution after 30 days of his departure from that facility.
>
> If the amount of property needs to be reduced, the inmate has the option of what he carries with him - personal property or legal materials or a combination of each - as long as the total does not exceed my established limits.
>
> The Transfer Agents WILL NOT transport more than the 2 pillow cases, 4 grocery bags, or 1 net laundry bag of property for any one inmate. The Receiving Unit at each institution will insure that this policy is STRICTLY enforced prior to the State Transfer Agents arriving.
>
> . . . .

3

**THIS POLICY MUST BE STRICTLY ENFORCED BY EVERY INSTITUTION AND WORK RELEASE FACILITY. THIS IS A MAJOR PROBLEM THAT IS PROVING TO BE VERY COSTLY TO THE DEPARTMENT FROM LAWSUITS AND BOARD OF ADJUSTMENTS CLAIMS.**

Exhibit 4B to Document #13 (capitalization and bolding in original). ADOC Deputy Commissioner Charles R. Sutton, provides the following explanation for the adoption of this policy:

> Inmates are transferred from one facility to another by vans. Typically, a numbers (sic) of inmates are transferred in one van trip. In order for all the inmates to be transported safely in the van, the amount of property allowed on the van had to be limited. Also inmate's (sic) property has to be searched prior to being placed on the van for weapons and other contraband. When inmates were allowed to take an unlimited amount of property, the search of the inmate's property was taking an excessive amount of time. For safety and to more efficiently utilize security staff's time, the Alabama Prison System implemented a policy allowing inmates to carry either two pillow cases, four grocery bag[s] or one net laundry bag issued at the canteen to insure proper transfers of inmates from one facility to another facility.

Sutton Affidavit (Exhibit 5 to Document #13) at 1-2.

On April 18, 1996,[3] plaintiff was transferred from William E. Donaldson Correctional Facility ("Donaldson") to Kilby Correctional Facility ("Kilby") in anticipation of a court

---

[3] The defendants assert that plaintiff was transferred to Kilby on October 29, 1996, rather than April 18, 1996. Stevenson Affidavit (Exhibit 7 to Document #13) at 1. This difference in dates does not constitute a dispute of material fact.

appearance.[4] Pursuant to the policy set forth above, plaintiff was allowed to take only a limited amount of property with him and was forced to leave a portion of his legal pleadings, papers, affidavits, and records at Donaldson, where they were bagged and stored in the property room.[5] Plaintiff's Affidavit (Attachment to Document #15) at 1.

Plaintiff states that he remained at Kilby for at least three months, during which time he did not have access to the legal materials stored at Donaldson. He claims that, as a result of not having access to his legal materials, he suffered prejudice in three actions that he then had pending. To support this claim he alleges that, during the time he was at Kilby:

> (1) He did not have his materials related to *Abdus-Sabir v. Nagle, et al.*, CV-93-N-1790-S, and could not prepare his appellant's brief within the time fixed by the rules and his appeal was therefore dismissed for want of prosecution;
>
> (2) He did not have a particular book that he needed to refute the testimony of an expert witness in in *Abdus-Sabir, et al., v. Alabama Department of Corrections, et al.*, CV-91-TMP-2570-S, and thus was not able to properly present his case; and

---

[4] The court has previously taken judicial notice that all prisoner movement for inmates in the Alabama correctional system is coordinated through Kilby:

> Thus, when a prisoner must be brought to court, he is first transferred to Kilby from where he is then taken to his court appearance. Following the court appearance, the prisoner is returned to Kilby before being moved back to a permanent housing assignment. Transfers to Kilby for court appearances are transitory in nature, prisoners remaining there only as long as necessary to complete the court proceeding at which the prisoner is needed.

Report and Recommendation (Document # 7) at 2 n.2.

[5] Plaintiff has provided no information concerning the amount of legal papers and documents that he was allowed to take with him or the amount that he was forced to leave at Donaldson. A magistrate judge to whom this case has been assigned has noted that he was "aware from prior experience with the plaintiff that [plaintiff] maintains a significant amount of legal materials and papers. At least at one time, the plaintiff had two cardboard boxes and three or four canvas bags filled with legal materials." Report and Recommendation (Document #7 at 3, n.3.

(3) He did not have his records related to *Abdus-Sabir v. Hightower, et al.*, CV-95-B-0989-S, and therefore was unable to file an amended petition in that case, even though his motion to amend had been granted.

Amended Complaint (Document #20).

## DISCUSSION

As noted above, the only issue remaining in this case is whether plaintiff is entitled to injunctive relief on his claim that he has been denied access to the courts.

> To be entitled to permanent injunctive relief from a constitutional violation, a plaintiff must first establish the fact of the violation. *Rizzo v. Goode*, 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L. Ed. 2d 561 (1976). He must then demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue and the lack of an adequate remedy at law. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506, 79 S. Ct. 948, 954, 3 L. Ed. 2d 988 (1959).

*Newman v. Alabama*, 683 F.2d 1312, 1319 (11th Cir.1982), *cert. denied*, 460 U.S. 1083 (1983). "The decision to grant or deny a preliminary or permanent injunction is within the sound discretion of the district court." *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998). In exercising this discretion, a court must balance "'the conveniences of the parties and possible injuries to them according as they may be affected by the granting or withholding of the injunction.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Yakus v. United States*, 321 U.S. 414, 440 (1944)). In addition, the court "should pay particular regard [to] the public consequences in employing the extraordinary remedy of injunction." *Weinberger*, 456 U. S. at 312 (*citing Railroad Comm'n. v. Pullman Co.*, 312 U.S. 496, 500 (1941)).

The Supreme Court has held that the due process clause of the Fourteenth Amendment assures inmates a right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right of access to the courts requires a state to provide indigent inmates reasonably adequate

6

means by which they can present to a court claims regarding the conditions under which they are confined as well as challenges to the validity of their convictions or sentences. *See Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). In order to prevail on a claim that his right of access to the courts has been violated, however, an inmate must establish prejudice, *i.e.*, that "his efforts to pursue a legal claim" were "hindered." *Id.* at 351.

In this case, the Court will accept that plaintiff has demonstrated that the actions of the defendants in requiring him to leave a portion of his legal materials at Donaldson while on a three month transfer to Kilby was the proximate cause of his suffering actual prejudice in three cases that he had pending at that time. Plaintiff has therefore established the fact of a constitutional violation. Plaintiff has failed, however, to meet his burden of demonstrating that he will suffer continuing irreparable injury if the injunction does not issue. He has not provided any information concerning cases that he currently has pending. More importantly, he has provided no information as to either the amount of legal materials that he currently has relating to any pending cases or whether the materials that he currently has would fit within the "two pillow cases, four grocery bags, or one net laundry bag" permitted by the ADOC regulation.[6]

Furthermore, as was noted above, the Court must consider the conveniences of the parties and the public consequences in determining whether to grant or deny a permanent injunction. The defendants have submitted evidence explaining that the policy about which plaintiff complains was promulgated in order to provide efficient transfers of inmates within the institutional system as well as to make those transfers safer for both inmates and institutional personnel. There is clearly a

---

[6]The Court takes judicial knowledge of the fact that plaintiff has not filed any new actions in this court since the effective date of the Prison Litigation Reform Act of 1995.

substantial public interest in maintaining security and safety during the transfers of inmates from one institution to another. After a thorough consideration of the matter, the Court concludes that plaintiff has failed to meet his burden of demonstrating that he is entitled to injunctive relief on his denial of access to the court claim. There being no other issues before the Court, the motion for summary judgment filed by the defendants is due to be granted.

## CONCLUSION

Based on the foregoing, the motion for summary judgment filed by the defendants is due to be granted. The Court expressly finds that there are no disputed issues of material fact and that the defendants are entitled to judgment as a matter of law.

The Court will enter a Final Judgment contemporaneously herewith in accordance with this Memorandum Opinion.

DONE this 16th day of March, 2001.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE